WILLIAM S. KENT, Collector, *v.* ATLANTIC DeLAINE COMPANY.

The rule, " all public officers who are proved to have acted as such are presumed to have been duly appointed until the contrary appears," is applicable to a collector of the taxes of a town.

A statute relating to the boundaries of towns, which has been continued in force without change of phraseology by re-enactment, as a portion of successive Digests, from 1759 to 1822, is to be construed according to its original meaning, notwithstanding that the course of a river, named therein as the dividing line between two towns, has been changed.

In the taxation of costs in favor of a tax collector, under section 28 of chapter 40 of the Revised Statutes, counsel fees are not to be allowed.

ACTION of assumpsit by the collector of taxes in the town of Johnston, to recover a tax alleged to have been assessed upon property of the defendants, located in said town.    Plea, the general issue.    At the trial of the cause in this Court, on appeal, by a jury, the plaintiff put in a certified copy of the vote ordering said tax, passed at a town meeting held in said Johnston, on the 1st day of June, 1863 ; also, a certified copy of the vote passed at the same meeting, delegating to the town council the election of all officers not elected at said meeting ; also, a certi-

fied copy of the vote of ·the council electing assessors of taxes for the year 1863, and proved that said assessors gave legal notice of the time and place, when and where they would assess said tax, and that they acted in said capacity, and assessed said tax. He also put in a certified copy of the vote of the council, appointing the plaintiff collector of taxes for said year, and proof that he acted publicly as such collector ; also, the original record of the assessment of said tax, signed by said assessors, and containing a description of the property assessed, and a certified copy thereof delivered to the collector by the town treasurer, with the original warrant of said town treasurer, to said collector, to said original attached, ordering him to collect said tax ; also, much testimony from old plats and deeds, and living witnesses, tending to show that the bed and flow of the Woonasquatucket river had been changed, as claimed by the plaintiff, and that the property taxed was in said Johnston. The defendants put in much testimony on this last point, but none touching any other, contending that the whole, or certainly a portion, of the property taxed, was in North Providence, and taxable there, and the whole tax therefore void.

The jury, under the instructions and rulings of the Court, rendered a verdict for the plaintiff, whereupon the defendants move now for a new trial, upon the ground of error in said instructions and rulings. The error alleged is, that the Court, though requested, refused to instruct the jury to the effect following, to wit :—

*First.* That the plaintiff, to sustain his action *prima facie,* must prove, by competent evidence, that the town meeting at which said tax was ordained was duly warned, and that the warrant convening the same contained mention. of said tax, as required in chapter 31, section 11, of the Revised Statutes, in addition to the vote ordering said tax.

*Second.* That the assessors were duly qualified by oath and certificate, as required by chapter 33, sections 18 and 19, of the Revised Statutes, in addition to proof that they were elected as such.

*Third.* That the plaintiff was qualified and gave bonds as

required by the Revised Statutes, chapter 33, sections 18–20, in addition to having acted as collector.

*Fourth.* That if the alleged change was made in the boundary between the towns of North Providence and Johnston prior to the revision of the Statutes, in 1822, then the act of 1822 took effect upon the boundary as it then was, and not as it may have been in 1759.

*Eames, with whom was Payne, for the defendants:*—

I. The plaintiff seeks, in an official character, to recover a sum of money alleged to be due him, in that character, for a tax legally assessed upon certain property. The burden is upon him to show that he is a legally elected and duly qua'ified officer. The rule, that an officer coming into office by color of an election and appointment is an officer *de facto*, and his acts valid, applies only to cases where his title is inquired into collaterally, and not when, as in this case, he attempts to enforce a right. A suit by a collector, for a tax, is a private matter—not a public one. He is not a public officer, in the sense of those authorities which teach that proof of having acted in a given character is *prima facie* proof of full authority thus to act. Again: a rule of Court requires notice to be given, in certain cases, if the character in which a plaintiff sues is to be questioned, thus implying that in all other cases the plaintiff shall be bound to show his qualifications, and this by the best proof. The statute prescribes that the evidence that a collector has qualified by taking the indispensable official engagement, shall be in writing. Blackwell on Tax Titles, 117–119, and cases cited; *Johnson v. Wilson et al.* 2 N. H. 212; *Bedford v. Riddle,* 7 Serg. & R. 386; *People v. Hobson,* 1 Denio, 574; *Plymouth v. Painter,* 17 Conn. 585; *Riddle v. County of Bedford,* 7 Serg. & R. 387; 2 Washburn on Real Property, 542. The same principle applies to the objection to the sufficiency of the evidence that the town meeting was properly warned, and that its assessors were duly qualified according to law.

II. The Digest of 1822 makes the Woonasquatucket river, as it was then, the boundary between Johnston and North Providence. Dig. of 1822, p. 80.

Kent, Collector, *v.* Atlantic DeLaine Co.

*Browne, for the plaintiff :—*

I.   The questions arising under the first three exceptions are questions of evidence, and must be decided by the rules of evidence and the provisions of the statute relating to the subject matter involved in them.   This is, in this case, taxation, a matter concerning the public generally; and in matters which concern the public generally, or are of an official nature, proof of the main fact *creates a legal presumption* that all the subordinate requisites have been complied with, and .thus makes a *prima facie* case, which is good till the contrary is shown.   1 Greenl. Ev. p. 93, § 83; Ib. p. 108, § 92; 1 Phillips' Ev. 432, 450; 3 Ib. (Cowen and Hills) n. 281, pp. 449, 459, 460, and cases cited; *United States* v. *Bachelder,* 2 Gal. 13; *United States* v. *Dandridge,* 12 Wheat. 69; 1 Phil. on Ev. 450; 3 Cowen and Hill, notes 459, 460; *Johnston* v. *Wilson et al.* 2 N. H. 202; *McGahey* v. *Alston,* 2 M. and Wel. 211; *Berryman* v. *Wise,* 4 Term, 366; *Bevan* v. *Williams,* 3 Ib. 635; *Rex* v. *Verelst,* 3 Camp. 432.   This is the result of the authorities; and to hold the contrary involves manifest absurdities.

II.   The presumption is strengthened when there is, as in this State, a penalty for assuming an office without appointment, or for not discharging its duties according to law.   Rev. Stats. ch. 42, § 2, p. 116.   Moreover, the Statutes, by the general spirit of their provisions, and by analogy, clearly indicate that the law, in this State, is as here claimed.   Rev. Stats. § 27, p. 113; § 16, p. 111; 3 Cowen and Hill's Notes to Phil. on Ev. 650, 658.

III.   The act of 1822 was, to all intents, a re-enactment of the act of 1789, and therefore wrought no change in the boundary line between Johnston and North Providence.   Dig. of 1822, § 4, p. 65.   Whenever the Assembly alter the boundary line of towns, it uses language not susceptible of misconstruction.   P. L. ch. 559, § 1, p. 364.

BRADLEY, C. J.   The exceptions in this case raise what we may term, in their nature, two questions.   One is,—whether, as a matter of evidence, a public officer, who sues to collect a tax due to the public, is obliged to show that the various statute requisitions have been complied with, which give .him authority

to sue for the tax. It is a question as to the order of evidence, and is one which we consider settled in the text-books and in the recent and most reliable authorities. The rule stated in the text-book is, in this language of Mr. Greenleaf (1 Ev. § 92), " All who are proved to have acted as such " (that is, as public officers) " are presumed to have been duly appointed until the contrary appears." The rule is stated by Baron Parke, in *M' Gahey* v. *Alston,* 2 M. & W. 210, " All public officers who are proved to have acted as such, are presumed to have been duly appointed to the office until the contrary is shown." That was a suit by a public parochial officer to recover a sum due the parish. Such is the rule always applied in suits by a public officer, he says, and that in suits against an officer, it has been held sufficient, *prima facie,* to show that he acted as such. The reason of the rule we also deem obvious, because the proof which goes to show whether the officer is duly appointed or not, is so open to both parties that either side can have recourse to it; and if we obliged every public officer to go through the exhibition of all that proof, without there being any real question about it, it would not only be very burdensome to him in the discharge of his duties, but greatly embarrass all the judicial remedies. This policy of the law, upon this subject, is also in conformity with our statutes. Rev. Stats. § 27, p. 112, and § 16, p. 111.

We, therefore, hold that in a suit by a collector of taxes, to recover a tax, it is sufficient evidence of his authority thus to sue, *prima facie,* for him to show that he has acted as such officer in regard to that tax; and it is then open for the defendants to show that he is not duly authorized. The plaintiff, in this case, exhibited such evidence, and the defendants offered nothing in reply. We do not consider that it was error to allow the evidence to go to the jury as sufficient, if uncontradicted, to sustain a verdict.

Another question made in the case was one of a more special nature, applying to this particular matter, and that was, that the statute of 1822, which bounded the town of North Providence, and also the town of Johnston, on the Woonasquatucket river,

is intended to apply to the Woonasquatucket river *as it then ran*, it having been changed somewhat from its original course. We do not take that view of the statutes. This was but the repetition of the old statutes of partition, carving out of the town of Providence a certain portion to make a town of Johnston, and another portion out of that town to make the town of North Providence, which were passed, respectively, in the years 1759, 1765 and 1767. We deem that the provision of 1822 was intended to be simply a re-enactment of those old acts, and to be considered with the same meaning which the old phrases had. We, therefore, are obliged to decide that point, also, against the moving party, thus overruling the exceptions argued in this motion for a new trial.

[A motion was made by the plaintiff, in this case, for an allowance for "his reasonable trouble in attending to the suit, to be taxed by the Court in the bill of costs," as provided in the Revised Statutes, ch. 40, § 28, p. 112. The amount claimed was $278, including a charge of $250 for counsel fees. To the allowance of the items footing at $28, the defendants made no objection; but against the claim for counsel fees they protested, as one not warranted by any usage of the Court, nor by any statute. This objection the Court sustained, disallowing the charge for counsel fees.]